Trover; from city court of Ludowici—Ben A. Way, judge pro hac vice. May 13, 1925.

*W. C. Hodges,* for plaintiff in error.

*Edwin A. Cohen,* contra.

---

16700.    DUNSON & BROTHERS CO. *v.* TOWNS *et al.*

BROYLES, C. J. Under the evidence adduced by the plaintiff, the court properly granted a nonsuit as to the defendant A. C. Towns.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED NOVEMBER 10, 1925.

Complaint; from city court of LaGrange—Judge Tuggle. June 2, 1925.

*M. U. Mooty,* for plaintiff.

*Lovejoy & Mayer,* for defendant.

---

16705.    RAULERSON *v.* THE STATE.

BROYLES, C. J. The verdict was authorized by the evidence, and none of the special grounds of the motion for a new trial shows cause for a reversal of the judgment below.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED NOVEMBER 10, 1925.

Conviction of shooting at another; from Tattnall superior court —Judge Sheppard. June 22, 1925.

*P. M. Anderson,* for plaintiff in error.

*J. Saxton Daniel, solicitor-general,* contra.

---

16710.    GARDNER *v.* THE STATE.

BROYLES, C. J. 1. Where, by oversight, inadvertence, or otherwise, the defendant is put on trial upon an indictment which charges that he assaulted one *Charlie Johnson,* with the intent to murder him, and during the trial it develops that the person so assaulted was *Robert Johnson,* and where, on motion of counsel for the defendant, a verdict is directed for the defendant, such acquittal can not be pleaded in defense to another indictment, charging the same defendant with assaulting with intent to kill one Robert Johnson. This is true although it was the intention in the first instance to indict and prosecute